1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SEAN T. DEVLIN,                              )       Case No. 3:11-cv-00295-ECR-RAM
                                             )
                                             )
                          Petitioner,        )
                                             )       ORDER
vs.                                          )
                                             )
                                             )
UNITED STATES OF AMERICA,                    )
                                             )
                          Respondent.        )
_____)

INTRODUCTION

On April 25, 2011, Petitioner, Sean Devlin, filed a Petition (#1) to Quash IRS Summons.

On June 13, 2011, the Government filed a Motion (#3) to Dismiss the Petition; Petitioner filed a response (#5) to the motion to dismiss; and on July 5, 2011, the Government filed a reply (#6) in support of the motion to dismiss.

Petitioner filed a response (#7) to Government's reply on July 18, 2011. Such document is not permitted to be filed under the governing rules of the Court. The Court will nonetheless consider this document (#7) filed by Petitioner.

Our Order (#4) filed June 14, 2011, instructs the parties that if admissible evidence is filed with the motion the Court may consider the motion as one for

1  summary judgment under Fed. R. Civ. P. 56 and that if evidence was filed with
2  the motion, the opposing party should file evidence as well in opposition to the
3  motion for summary judgment.  Also we note that the Government's reply (#6)
4  calls attention to the fact that Petitioner failed in his response (#5) to the motion
5  to dismiss to offer any evidence in opposition to the motion.  Petitioner may not
6  rely on mere personal allegations in opposing the motion.

7      The Court will treat the Government's motion to dismiss (#3) as one for
8  summary judgment under Rule 56.

9      The portions of this Order which deal with the procedural requirements of
10  notices and filing involve issues of jurisdiction.  The Court lacks personal and
11  subject matter jurisdiction over this action for the reasons stated below.
12  However, the Petition also fails on the merits as analyzed below.

13  <u>ISSUANCE AND SERVICE OF IRS ADMINISTRATIVE</u>
14  <u>SUMMONS AND NOTICE THEREOF</u>

15      In this case, the Government attempted to give notice to Petitioner on two
16  occasions prior to the issuance of an IRS Administrative Summons to a third
17  party, Bank of America,  that it would be contacting the third party with respect
18  to its investigation of Petitioner's income tax liability.  On March 22, 2011, in
19  accordance with 26 U.S.C. §§ 7602 and 7603, an IRS Administrative Summons
20  was issued by IRS Revenue Agent Mandichak and served on Bank of America by
21  certified mail.  The IRS Administrative Summons required Bank of America to
22  appear at the IRS Office and to give testimony and produce records and
23  documents relative to Petitioner's income tax liability.

24      Also on March 22, 2011, in accordance with 26 U.S.C. § 7609(a) notice of
25  issuance of the IRS Administrative Summons, a copy of the IRS Administrative
26  Summons, and a notice explaining the Petitioner's right to file a motion to quash
27  the IRS Administrative Summons was sent via certified mail to Petitioner's
28  address, and a domestic return receipt was signed by Petitioner on March 25,

1   2011 and received back by the Government thereafter.

2   FILING OF PETITION TO QUASH IRS SUMMONS

3   On April 25, 2011, Petitioner filed in this Court a Petition to Quash IRS

4   Summons (#1).  No Court Summons was ever issued or served with respect to

5   these court proceedings.

6   A copy of the Petition was served on the IRS Revenue Officer Mr.

7   Mandichak by certified mail received April 26, 2011.  No copy of a Court

8   Summons or copy of the Petition was ever served, as required by law, on the U.S.

9   Attorney for the District of Nevada or the Attorney General of the United States.

10   It appears that service of the Petition on Revenue Officer Mandichak constituted

11   service of that document on the agency, i.e, the IRS.

12   We conclude that in order to proceed with a Petition to Quash an IRS

13   Administrative Summons, a Court Summons, issued by the Court in which the

14   Petition is filed, must be issued and served in order to comply with the

15   jurisdictional requirements of Fed. R. Civ. P. 4.  This was not done here in this

16   case.   The cases cited by the Government in the motion support this conclusion.

17   Title 26 U.S.C. § 7609(b)(2)(B) requires Petitioner to mail by registered or

18   certified mail a copy of the Petition to Quash IRS Administrative Summons to

19   the person summoned by the IRS Administrative Summons, here Bank of

20   America, and to the Revenue Officer Mr. Mandichak not later than 20 days after

21   the issuance of the IRS Administrative Summons.  A copy of the Petition has not

22   been served on the United States by delivering a copy to the U.S. Attorney for

23   this District or to the Attorney General.

24   Furthermore, the Petition was not timely mailed or filed.  It was mailed and

25   filed more than 20 days after the notice of IRS Administrative Summons was

26   given to Petitioner.  The petition was required to be mailed and filed not later

27   than 20 days after notice that the IRS Administrative Summons had been issued

28   and mailed.  The only admissible evidence received by the Court in connection

1   with the timeliness of the mailing and filing of the motion to quash that may be

2   considered shows the notice of the issuance of the IRS Administrative Summons

3   was sent by certified mail and was received by Petitioner.

4        We conclude that this Court lacks both personal and subject matter

5   jurisdiction to grant Petitioner's Motion to Quash the IRS Administrative

6   Summons.

7

8                    CIVIL TAX INVESTIGATORS MAY

9                    ISSUE IRS ADMINISTRATIVE SUMMONSES

10       Title 26 U.S.C. § 7602 clearly authorizes the issuance of IRS

11  Administrative Summons by an IRS Revenue Officer to determine civil tax

12  liability where, as here, notice of contact of third parties has been given and there

13  has been no Justice Department referral.  Issuance of such summonses is not

14  limited to criminal investigations or, in this case, by 26 U.S.C. § 7608(b).

15  Sections 7602 and 7608 operate independently.

16

17                   ENFORCEMENT PROCEEDINGS

18                   UNNECESSARY AT THIS STAGE OF CASE

19       Enforcement of the IRS Administrative Summons is not sought at the

20  present time in this case.

21

22                        GOOD FAITH

23       Assuming all jurisdictional, procedural, and notice requirements are met,

24  the Petitioner may succeed in the motion to quash the IRS Administrative

25  Summons if the Government cannot make a prima facie showing of good faith in

26  issuing and serving the IRS Administrative Summons, and the Petitioner can

27  establish an adequate defense.  The prima facie showing consists of the following

28  required under U.S. v. Powell, 379 U.S. 48 (1964):

1    (1)    that the investigation will be conducted pursuant to a legitimate

2           purpose.

3                  The evidence before the Court shows that the purpose here is

4    legitimate.  Petitioner did not file any tax returns for the years of 2005,

5    2006, 2007, 2008, and 2009.  The legitimate purpose is to determine if

6    Petitioner has any federal income tax liability for those years.

7    (2)    that the inquiry is relevant to the purpose of determining if

8           Petitioner has any federal income tax liability for those subject

9           years.

10                 This is clear from the record.

11   (3)    that the information sought is not already in IRS possession.

12                 That the information sought is not already in the possession of

13          the IRS is also clear from the evidence before the Court.

14   (4)    that the appropriate administrative steps have been followed.

15                 The record indicates this requirement has been met.

16

17         The Government need not make a showing of probable cause or identify

18   the specific tax liability to show good faith.  The government has sufficiently

19   identified the specific tax liability it is investigating, i.e., federal income tax

20   liability of the Petitioner for the years 2005, 2006, 2007, 2008, and 2009.  The

21   IRS statutes relevant to federal income taxes are sufficiently identified.  The

22   purpose of the Administrative Summons is not to access but to inquire.

23         There are no genuine issues of material fact relevant to the issues in the

24   case.

25

26                              <u>ORDERS</u>

27         IT IS THEREFORE HEREBY ORDERED that the Government's Motion

28   to Dismiss (#3) is <u>GRANTED</u>.

1        IT IS FURTHER ORDERED that Petitioner's Petition to Quash IRS

2  Summons (#1) is <u>DISMISSED</u>.

3        The Clerk of the Court shall enter judgment accordingly.

4

5        Dated this 26th day of August 2011.

6

7                               _____

8                              EDWARD C. REED, JR.
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6